**ALICE REALTY, INC., Plaintiff-Appellant, v. COLUMBUS (City) et, Defendants-Appellees.**

Ohio Appeals, Tenth District, Franklin County.

No. 5318. Decided April 29, 1957.

Rowe, Dunkle & Davis, Arthur L. Rowe, of Counsel, Columbus, for plaintiff-appellant.

Russell Leach, City Atty., John W. E. Bowen, Chief Counsel, Columbus, for defendants-appellees.

## OPINION

By MILLER, J.

This is a law and fact appeal from a judgment of the Common Pleas Court. The action is one seeking an order permanently enjoining the defendants from enforcing certain ordinances duly enacted by the Council of the City of Columbus which prohibit the parking of motor vehicles in Anderson Alley and also converting said alley into a one-way street permitting traffic to move only in a westerly direction. It is conceded that the plaintiff, the Alice Realty Company, and the defendants, the City of Columbus, et al., are proper parties to the action, and the only question presented is whether or not the plaintiff is entitled to the relief sought.

The petition alleges that the plaintiff is the owner of certain real estate having a frontage of 93 feet on East Town Street in Columbus, Ohio, which extends 80 feet to Anderson Alley in the rear; that said property is improved with five storerooms over which is a hotel consisting of approximately 56 rooms; that erected and constructed and now installed in most of said storerooms are electrically operated refrigerated boxes which represent a large investment to the plantiff and the occupants of said rooms; that there is an entrance from the rear of said five rooms which has been in use for many years as a means of ingress and

egress to said storerooms and is used primarily as a means of unloading fruits, vegetables, produce and other merchandise from trucks making deliveries to the occupants of said five storerooms, and that said trucks in unloading said merchandise use Anderson Alley as a parking zone and by useing said entrance, East Town Street on the south side thereof is left free for traffic.

Plaintiff further says that the defendants are threatening to put into force and effect ordinances and orders which will convert Anderson Alley into a one-way street and are also threatening to prohibit the parking in said Anderson Alley of motor vehicles and the placing of signs notifying the public thereof and unless this Court restrains these defendants from so doing the defendants on or before June 23, 1954 will proceed.

Plaintiff further says that the action as taken by the defendants and the further action contemplated to be taken by the defendants will cause an increase and an unnecessary increase in the amount of traffic in East Town Street between Third and Fourth Streets and will hinder and greatly interfere with the free flow of traffic on East Town Street between Third and Fourth Streets and that nothing will be gained by the action taken by the defendants or contemplated to be taken by the defendants but if taken will greatly increase the traffic problem in said area and deprive the plaintiff of substantial use of its property.

Plaintiff says that it has thousands of dollars invested in buildings and improvements on said lots and that it will be deprived of the free and unhampered use thereof if the defendants proceed as herein contemplated and it will be the taking of the property of the plaintiff without due process of law and that it will be greatly and irreparably damaged unless the defendants are restrained herein and it has no adequate remedy at law.

Plaintiff says that it has conferred with the defendants and stated its position as herein outlined, but that the defendants have ignored plaintiff's requests and are threatening to proceed on June 23, 1954 unless restrained herein.

Wherefore, plaintiff prays that it may be granted temporary injunction enjoining the defendants from making a one-way street out of Anderson Alley and from prohibiting parking in said alley and from placing and erecting signs indicating that Anderson Alley is a one-way street and parking is prohibited and on final hearing that such temporary injunction be made permanent and for all other and further relief to which plaintiff may be entitled in the premises.

The record reveals that one of the storerooms is used as a restaurant where food and intoxicating beverages are sold; that the remaining storerooms are used as business establishments engaged in the selling of produce, fruits and vegetables.

The hotel is used for transient trade as well as permanent guests and is generally about 75% occupied.

The testimony reveals that each of the produce rooms have valuable refrigeration boxes in the rear of the building as alleged in the petition.

It appears that it is more convenient to unload the large produce trucks used in this business from the alley in the rear than from the front entrance on Town Street where "loading permits" have been granted to each storeroom occupant for this purpose. For many years prior to the enactment of these ordinances practically all the trucks and semi-trailers transporting this produce had been loaded and unloaded in said alley. This operation consumed three or four hours for each; hence as a result the alley was closed to other vehicular traffic, since it was only 14 feet in width.

The question presented is whether or not the ordinances regulating the use of Anderson Alley were enacted in the proper exercise of the police powers possessed by the City of Columbus.

In determining the constitutionality of the statute as measured by the police power, it has been said that the only inquiries essential are (1) whether the statute is an unreasonable, arbitrary and oppressive exercise of the police power, and (2) whether it is reasonably designed to accomplish the purpose falling within the scope of the police power. 8 O. Jur., Page 355, Section 249; Davis v. State, 118 Oh St 25; State, ex rel. Morton v. Hauser, 17 Oh Ap 4. These principles controlling judicial review of police regulations manifestly apply to municipal ordinances.

In Cleveland v. Antonio, 70 Abs 518, it is said in the third paragraph of the syllabus:

"The burden of showing the unconstitutionality of an ordinance is upon the one challenging its validity, and the proof that an ordinance is unconstitutional and an unreasonable and arbitrary exercise of the police power must be clear, and the courts will not interfere unless it is clear that the ordinance has no real or substantial relation to the public health, safety, morals or welfare, or is unreasonable or arbitrary and infringes rights secured by the fundamental law of the state."

See also White v. Kent, 11 Oh St 550; Allion v. The City of Toledo, 99 Oh St 416.

In Pritz v. Messer, 112 Oh St 628, the court discussed judicial interference with legislative discretion by the following statement on page 638:

"Therefore the paramount question in this case is whether the ordinance enacted was passed in the proper exercise of police power.

"As a preface to our discussion of this question we must remind ourselves that the test is not whether this court, sitting as a city council, would have enacted the ordinance challenged. The members of this court may or may not conceive that such an ordinance is wisely calculated to preserve the public health, morals or safety. If the ordinance discloses no purpose to prevent some public evil or to fill some public need, and has no real or substantial relation to public health, morals, and safety, it must be held void. When, however, legislation does have a real and substantial relation to the prevention of conditions detrimental to the public health, morals, or safety, no matter how unwise the measure itself seems to individual judges, it is not for the judicial tribunals to nullify it upon constitutional grounds."

Much must, necessarily, be left to the discretion of the municipal

authorities, and their acts will not be interfered with unless they are manifestly unreasonable or oppressive. **8 O. Jur., Section 260, page 374.**

We are of the opinion that the evidence is insufficient to overcome the presumption of the constitutionality of the ordinances in question by supporting a conclusion that said ordinances are unreasonable, arbitrary, oppressive, discriminatory and have no real and substantial relation to the prevention of conditions detrimental to the public welfare, safety and morals.

The evidence reveals that the trucks of plaintiff-appellant load and unload from Anderson Alley and in so doing block the alley for many hours; that other vehicles cannot use the alley when the trucks block the same; that the plaintiff-appellant has loading zones whose use it avoids. There is no evidence in the record to establish that the rights of ingress and egress, which the abutting property owners use and enjoy would be cut off. However, the plaintiff has no place provided for a truck to enter its premises from the rear or to park the same on its private property.

We note Judge Hart, in the case of **State, ex rel. v. Kauer, 156 Oh St 354,** at page 355 quotes, with approval, from **Branahan v. Hotel Co., 39 Oh St 33,** and which appears to be pertinent, to wit:

"The city is clothed with power over the streets, and is charged with the duty of keeping them open for public use and free from nuisance. It may enlarge these general public uses without infringing the rights of the adjacent owner, but where additional burdens are imposed even for a public purpose, which materially impair the incidental property right of the lot owner, equity will enjoin, until compensation is made. * * *

"The supervision and control of the public highways of a city is a public trust, and while additional uses may be imposed, not subversive of, or impairing the original use, such as laying down gas and water mains; yet the rights of the public to use it as a street, and of the adjacent lot owner to enjoy it as the means of access to his property, cannot be materially impaired."

Counsel for the plaintiff has cited numerous cases holding that when additional burdens are imposed on street or highway in addition to the highway purposes, for which the abutting property owner has been compensated, he is entitled to added compensation for the increased burden. The fee of the land remains in the owner and when the use or easement in the public ceases it reverts to him free from incumbrances. But this question does not appear in our case. The city is charged with the duty of keeping the streets open for public use and free from nuisance. Should the "No Parking" ordinance be held invalid the city would be denied the right to perform a duty required of it. It should be noted that the plaintiff had "loading permits" for all of its properties fronting on East Town Street and the ordinances under consideration provide for the keeping of the alley open. Therefore, access is also available to the plaintiff from the rear of its property, only its use of the alley may not be exclusive but must be shared with the public.

It is our conclusion that the ordinances serve a useful public purpose, are not unreasonable, arbitrary, oppressive and discriminatory, and that they were lawfully enacted under the police powers of the city.

The relief sought will be denied, and judgment rendered for the defendants for costs of suit.

PETREE, PJ, BRYANT, J, concur.