TOWNSHIP OF TEANECK, PLAINTIFF, v. BERTRAM SIEGEL, DEFENDANT.

Bergen County Court
Law Division

Decided April 24, 1964.

*Mr. Joseph L. Kramer*, township prosecutor, for the plaintiff.

*Mr. Bertram Siegel*, defendant, *pro se.*

GORDON H. BROWN, J. C. C.  Defendant Bertram Siegel has appealed his conviction in the Teaneck Municipal Court for violating ordinance No. 1094 of that township.  It is stipulated that his automobile was parked on Cedar Lane, a municipal street, at 5:23 P. M. on January 13, 1964, prior to

the time the street was plowed and after at least three inches of snow had fallen. Invoked against the defendant is the following from section 8 of the ordinance:

"No person shall park a vehicle in the following places: * * * anywhere upon the Township streets where the snow has reached 3", until after the streets are plowed."

Defendant's conduct was squarely prohibited. He contends, however, that the quoted portion of the ordinance is void because the township has not complied with *N. J. S. A.* 39:4–198. That statute provides in part:

"No ordinance * * * enacted * * * by local authorities * * * under any power given by this chapter or any supplement thereto shall be effective unless due notice thereof is given to the public by placing a sign at the places where the ordinance * * * is effective, and by briefing its provisions on signs according to specifications contained in this chapter * * *. These signs shall be so placed as to be easily read by pedestrians or operators of vehicles."

No signs have been posted. For this reason, defendant says, the snow regulation never became effective to make his conduct an offense. He seeks an acquittal on this ground.

*Chapter* 4 of *Title* 39 of the *Revised Statutes* comprehends "Traffic Regulation," and *Article* 16 thereof pertains especially to "Parking." By these parts of the Motor Vehicle and Traffic Act certain uniform rules are specified. They are made binding upon the municipalities:

"No municipality shall pass an ordinance * * * on a matter covered by or which alters or in any way nullifies the provisions of this chapter * * *." (*N. J. S. A.* 39:4–197)

Since "parking" is a matter covered by *chapter* 4 (*R. S.* 39:4–135 through 139), as amended, there would thus be no basis for municipal entry into that field of traffic regulation except for a further grant of power derived from the same section, *N. J. S. A.* 39:4–197:

"* * * a municipality may pass ordinances * * * regulating special conditions existent in the municipality on the subjects and within the limitations following:

\* \* \* \* \* \* \* \*

   f. Regulating the parking of vehicles on streets and portions thereof * * *."

The foregoing was the enabling act for the cited regulation. It is undenied that street surfaces must be cleared in order to accomplish effective snow removal. Interference by parked cars would be a "special condition" for control within the intendment of *N. J. S. A.* 39:4–197. Defendant does not dispute the fact that this special parking prohibition was publicized in the local press and otherwise. However, he claims that such notice was unavailing to make the ordinance "effective" in lieu of the required posting.

The snow regulation affects every part of every township street. Its universality has to make a difference, the township argues. The statute requires signs at "the places where the ordinance * * * is effective." The contention, therefore, is that since *all* places are covered, the posting requirement in such an instance is impractical and a needless expense. The decision in *England v. Millburn Township*, 122 *N. J. L.* 462 (*E. & A.* 1939), is cited in support.

In *England* an ordinance prohibited vehicular parking for retail selling. There was no posting in compliance with *N. J. S. A.* 39:4–198. The court nevertheless found the ordinance to be valid because it applied to every street in the municipality. It said:

"To require under these conditions * * * the installation of 'no parking' signs of the specific size and character placed no more than 250 feet apart on every street * * * strikes me as an absurdity and something that could never have been intended by the language of the statutes that are now in vogue." (at *p.* 464)

The validating result in *England* was reached through a chain of reasoning anchored to this opening language of *N. J. S. A.* 39:4–198:

"No special ordinance passed under any power, * * *."

The court felt that the term "special ordinance" was used to designate an ordinance of limited application, in the sense that it controlled only a territorial segment; thus, an ordinance applicable to the entire municipality would not be a "special" ordinance as to which the posting burden should attach.

Since *England v. Millburn Township* the language of *N. J. S. A.* 39:4–198 has been amended. By *L.* 1951, *c.* 23, *sec.* 112, the word "special" was deleted. Now it is *any* ordinance which depends upon posting for efficacy. And if compliance with the requirement of the section compounds an "absurdity," this cannot be corrected in court.

It is by no means clear, however, that *N. J. S. A.* 39:4–198 necessarily imposes an absurd hardship on the municipality. In the *England* case the court, in imagining the form of the antipeddling message, saw it in the context of a "no parking" sign, so that there would have to be posting every 250 feet on every street in town.

The contemporary requirements for "regulatory signs" are set out in *N. J. S. A.* 39:4–183.17. In *subsection* (c) thereof the following appears:

"Location—Regulatory signs herein included shall be located where the legal requirement is effective and in the case of prohibited and limited parking, signs shall be placed at the first and last point where the legal requirement is effective and at intervals not greater than 250 feet."

This provision evidently contemplates only a parking regulation controlling vehicular use in a circumscribed portion of the municipality. Where "the first and last point" of prohibited or limited parking is on the municipal periphery, then the 250-foot posting interval is not apposite.

In such a case, location ought to be governed by *N. J. S. A.* 39:4–198 alone. Perhaps its provisions would be satisfied by placement of signs with a suitable message at every vehicular entrance into the township. This issue is not before the court and so is not determined. In any event, it has not been shown that posting must be done every 250 feet on every municipal

street in Teaneck. This being so, there is no force to the argument that Teaneck should be relieved of the burden of public notice by sign because since the ordinance is universal, an onerous posting result will follow.

The part of section 8 of the ordinance which the defendant is charged with violating is ineffective and so the complaint is dismissed.