STATE OF NEW JERSEY, TOWNSHIP OF SPRINGFIELD, PLAINTIFF-RESPONDENT, v. WILLIAM M. PACK, DEFENDANT-APPELLANT.

Superior Court of New Jersey
Appellate Division

Argued October 18, 1971—Decided November 4, 1971.

Before Judges CONFORD, MATTHEWS and FRITZ.

*Mr. Edward Pack* argued the cause for appellant.

*Mr. Peter J. McDonald* argued the cause for respondent.

PER CURIAM. Defendant contends that Springfield's ordinance prohibiting parking anywhere in the municipality between 2 A.M. and 6 A.M. is ineffectual because of the failure to post notice of the prohibition every 250 feet throughout every thoroughfare in the town. We disagree, and we affirm the several convictions of defendant for violation of the ordinance.

Although defendant concedes that signs informative of the ordinance regulation have been placed on every street leading into or out of the municipality, he contends that the 250-foot posting requirement is mandated by *N. J. S. A.* 39:4-183.17, which directs that "in the case of prohibited and limited parking, signs shall be placed at the first and last point where the legal requirement is effective and at intervals of not greater than 250 feet." The same section specifies, however, that

This subsection shall not apply to the spacing of prohibited or limited parking signs which apply only between the hours of sunset and sunrise.

We think the defendant's position lacks merit for either of two alternative reasons.

1. Where the particular parking regulation is applicable throughout the entire municipality it is not reasonably to be deemed that the Legislature intended so burdensome and excessive a requirement as that such a notice must be posted every 250 feet on every municipal street. *England v. Millburn Tp.,* 122 *N. J. L.* 462 (E. & A. 1939), so holds in effect.

2. The saving clause in relation to prohibition of parking between the hours of sunset and sunrise is applicable in the spirit if not precisely in the letter of the legislative language. The latter should give way to the former to accomplish a just and sensible result. Clearly the Legislature did not intend that an ordinance designed to discourage all-night parking throughout a municipality be hobbled with a 250-foot sign-spacing condition.

The spirit of the statutory requirement (*N. J. S. A.* 39:4–198) that signs be posted "at the places where the ordinance * * * is effective" is met, in the context of this situation, by placing the signs at each entrance into the municipality.

Affirmed.