THE CITY OF CRYSTAL LAKE, Plaintiff-Appellee, *v.* E. T. CUNNING-
HAM, III, Defendant-Appellant.

Second District    No. 76-313

Opinion filed September 29, 1977.

E. T. Cunningham, of Chicago, for appellant.

John L. Cowlin, of Cowlin, Cowlin & Ungvarsky, of Crystal Lake, for appellee.

Mr. JUSTICE SEIDENFELD delivered the opinion of the court:
■■ Defendant was convicted of violating an ordinance of plaintiff
Crystal Lake which prohibited parking, except in certain emergencies, on
city streets for periods of more than 30 minutes between the hours of 2
a.m. and 6 a.m. He appeals contending that the ordinance is not effective
to sustain his conviction because the municipality failed to comply with
the provisions of section 11—208(b) of the Motor Vehicle Code (Ill. Rev.
Stat. 1975, ch. 95½, par. 11—208(b)) which require the posting of signs
indicating the ordinance "upon or at the entrances to the highway [street]
or part thereof affected as may be most appropriate." Defendant
additionally argues that the ordinance is an invalid exercise of the city's
police power. We conclude that the ordinance in question is a valid
exercise of the city's police power. We also conclude, however, that the
city has failed to comply with the requirement of section 11—208(b) (Ill.

Rev. Stat. 1975, ch. 95½, par. 11—208(b)) as to the posting of notice and that the ordinance is therefore not effective as to this defendant. The ordinance being ineffective, the complaint against defendant is dismissed.

■■ Municipalities are given the authority to regulate the use of their streets, subject to State law, pursuant to sections 11—80—1 and 11—80—2 of the Illinois Municipal Code. (Ill. Rev. Stat. 1975, ch. 24, pars. 11—80—1 and 11—80—2.) The Motor Vehicle Code, section 11—208(a)(1) (Ill. Rev. Stat. 1975, ch. 95½, par. 11—208(a)(1)) specifically empowers a municipality to regulate "the standing or parking of vehicles * * * within the reasonable exercise of the police power." There is no dispute between the parties to this appeal as to whether or not plaintiff municipality may, in appropriate circumstances, regulate the standing or parking of vehicles. Defendant first contends that the overnight parking ordinance of the city of Crystal Lake is an unreasonable exercise of the police power.

This specific question has been considered by the appellate court in *Village of Oak Park v. Flanagan*, 35 Ill. App. 3d 6 (1975). In *Flanagan* the court considered whether an ordinance of the village of Oak Park which prohibited overnight parking on any Oak Park street between 2:30 a.m. and 6 a.m., except for emergency vehicles, was a reasonable exercise of the power conferred by the legislature on local authorities. In *Village of Oak Park* the court noted that in the trial court the chief of police of the village of Oak Park had testified that the ordinance minimized auto theft and facilitated the discovery of stolen automobiles. The chief of police also stated that the ordinance eliminated the getaway car used by burglars and armed robbers and tended to eliminate hiding places for other criminals. The director of public works for the village of Oak Park testified that the ordinance was of tremendous value to the residents in terms of snow and leaf removal and street sweeping. Under these circumstances the appellate court determined that the reasonableness of the ordinance was established.

■■ No specific evidence as to the reasonableness of the ordinance was taken by the trial court in this case. Defendant, however, has offered no convincing proof in support of his contention that the ordinance bears no reasonable relation to a legitimate exercise of municipal police power. Such was his burden. (*Petterson v. City of Naperville*, 9 Ill. 2d 233, 247 (1956).) The reasons in justification of the ordinance of the city of Oak Park stand in justification of the ordinance of the city of Crystal Lake here considered. (See also *City of East Cleveland v. Palmer*, 40 Ohio App. 2d 10, 69 Ohio Op. 2d 6, 317 N.E.2d 246, 248 (1974).) We find that the ordinance in question was a reasonable exercise of the municipal power to regulate the standing or parking of vehicles, but nevertheless also have

concluded that the ordinance is ineffective as to the defendant in the factual context of this record.

Section 11—208 states in pertinent part:

"(a) The provisions of this Chapter shall not be deemed to prevent local authorities with respect to streets and highways under their jurisdiction and within the reasonable exercise of the police power from:

1. Regulating the standing or parking of vehicles:

* * *

(b) No ordinance or regulation enacted under subdivisions (1) * * * of paragraph (a) of this Section shall be effective *until signs giving notice of such local traffic regulations are posted upon or at the entrances to the highway or part thereof affected as may be most appropriate.*" (Ill. Rev. Stat. 1975, ch. 95½, par. 11—208.) (Emphasis supplied.)

The definitional language of section 11—100 (Ill. Rev. Stat. 1975, ch. 95½, par. 11—100) indicates that the reference to "highway" in section 11—208(b) is synonymous with reference to the term "street." Defendant argues that because no posting of the city of Crystal Lake's ordinance occurred either at all entrances to the city or on Jensen Drive, the street upon which his violation occurred, the ordinance is, by its terms, ineffective and fails to sustain the charges against him. We agree.

Plaintiff brings to the court's attention decisions from other jurisdictions which have some bearing upon the case at hand. These cases are: *Township of Teaneck v. Siegel*, 83 N.J. Super. 475, 200 A.2d 365 (1964); *State v. Pack*, 117 N.J. Super. 23, 283 A.2d 536 (1971); and *People v. Hirschfield*, 244 N.Y.S. 2d 443, 41 misc. 2d 400 (1963). In each of these cases, however, the language of the State statute governing the posting of notice of a municipal ordinance was different than the language of the Illinois statute here considered. In *Teaneck* the statute considered required placement of a sign at places where the ordinance "* * * is effective * * *." In that case the court determined that the failure of a municipality to place any notice regarding a municipal ordinance which banned parking after three inches of snow had fallen rendered the ordinance ineffective. *Dicta* in *Teaneck* suggested that the posting of notice at the entrances to the municipality would have satisfied the ordinance, had such posting actually occurred. In *State v. Pack* a provision of State law requiring posting of parking signs to be placed at intervals of not greater than 250 feet also provided that the former provision "shall not apply to the spacing of prohibited or limited parking signs which apply only between the hours of sunset and sunrise." On the basis of the latter statutory language a municipal ordinance which

prohibited parking anywhere in the municipality between 2 a.m. and 6 a.m. (as in the case at hand) was found effective where signs had been placed at each entrance to the municipality. The statute considered in *People v. Hirschfield* provided that no ordinance or regulation made by local authorities as to stopping, standing or parking "shall be effective until signs or markings giving notice thereof are posted." Under this language the court found a municipal ordinance which prohibited parking between the hours of 2 a.m. and 6 a.m. to be effective where signs were posted at the principal entrances to the city of White Plains.

■■ As part of the record in this case the parties have presented an agreed statement of facts pursuant to Supreme Court Rule 323(d) (Ill. Rev. Stat. 1975, ch. 110A, par. 323(d)). In this statement of facts it is acknowledged that signs giving notice of the ordinance of the city of Crystal Lake were posted at all major entrances to the city but one, and that no notice was placed upon or at the entrance to Jensen Drive where the alleged infraction occurred. The city has argued that the provision for notice should receive a reasonable construction consistent with its purpose and the practical difficulties of operation. So construed, the city argues, the placement of signs on the periphery of the city when the regulation affects all streets similarly should be a sufficient posting of notice. Even were we to view a posting at all major entrances to the city as a sufficient posting under the statute, the acts of the city of Crystal Lake in this case would fail to make the ordinance effective since the notice was not posted at all entrances to the city.

We do not decide whether posting on the periphery would satisfy the statute without a clarifying amendment by the legislature. (Ill. Rev. Stat. 1975, ch. 95½, par. 11—208(b).) The failure of posting as required by any reasonable construction renders the statute ineffective as to defendant. Ill. Rev. Stat. 1975, ch. 95½, par. 11—208.

The complaint against defendant is therefore dismissed and the judgment of the circuit court of McHenry County is reversed.

Judgment reversed.

RECHENMACHER, P. J., and NASH, J., concur.