**NOT FOR PUBLICATION WITHOUT THE
APPROVAL OF THE APPELLATE DIVISION**

This opinion shall not "constitute precedent or be binding upon any court." Although it is posted on the internet, this opinion is binding only on the parties in the case and its use in other cases is limited. R. 1:36-3.

SUPERIOR COURT OF NEW JERSEY
APPELLATE DIVISION
DOCKET NO. A-0271-20

STATE OF NEW JERSEY,

      Plaintiff-Respondent,

v.

PAUL MARINACCIO,

      Defendant-Appellant.

_____

Submitted February 9, 2022 – Decided February 23, 2022

Before Judges Vernoia and Firko.

On appeal from the Superior Court of New Jersey, Law Division, Morris County, Municipal Appeal No. 19-026H.

Paul Marinaccio, appellant pro se.

Durkin & Durkin, LLC, attorneys for respondent (Gregory F. Kotchick, of counsel and on the brief).

PER CURIAM

Defendant Paul Marinaccio appeals from an order, entered by the Law Division following a trial de novo on his appeal from the Parsippany-Troy Hills municipal court, finding he violated the Township of East Hanover's (Township) on-street overnight parking ordinance.[1] In his pro se brief on appeal, defendant asserts fifty-three separate arguments, including claims the ordinance was ineffective because the Township failed to post proper notice of its restrictions, there is insufficient evidence supporting the Law Division's findings, the court erred by failing to address and properly decide numerous discovery and evidentiary issues, and the ordinance is unconstitutional. Based on our review of the extensive record, we reverse the order finding defendant violated the ordinance because there is insufficient credible evidence supporting the court's finding the Township posted notice of its restrictions, and we therefore find it unnecessary to address defendant's remaining claims.

I.

In pertinent part, Township ordinance § 155-9 provides that "No person shall park any vehicle on the streets of the Township between 2:00 a.m. and 6:00 a.m. . . . unless the owner thereof has previously received permission from the

---

[1] The matter was transferred from the Township's municipal court to the Parsippany-Troy Hills municipal court.

Police Department of the Township to permit said motor vehicle to remain on the Street." East Hanover, N.J., Code § 155-9(A) and (B) (1989).

The evidence presented during the municipal court trial established that at 2:53 a.m. on September 24, 2016, Township police officer Roberto Chiazzo issued a summons charging a violation of the ordinance to a vehicle registered to defendant. Defendant did not dispute his ownership of the vehicle or that it was parked on the street within the times prohibited by the ordinance. Defendant also conceded he did not obtain permission from the police to park on the street during the prohibited times.

Defendant argued that for the Township-wide parking prohibition to be effective and enforceable, the Township was required to post signs notifying motorists of the ordinance's requirements and restrictions at each of the nine separate roadway entrances to the Township. Defendant claimed he could not be properly found to have violated the ordinance because the requisite signage was not posted at the two roadway entrances he had used prior to parking his vehicle on the street, and, as a result, the Township failed to provide proper notice of the prohibition against on-street parking during the designated hours.

Defendant testified he took two separate roadways into the Township prior to parking his vehicle on the street and later receiving the summons. He further

A-0271-20

testified signs notifying motorists of the on-street overnight parking prohibition "definitely weren't" posted at those two roadway entrances to the Township. He also explained that on September 28 and 29, 2016, there were no signs detailing the parking prohibitions under the ordinance when he entered the Township from one of the entrances he utilized on the evening Chiazzo ticketed his vehicle. He further testified there were no signs at either entrance when, on November 2, 2016, he filmed the routes he took into the Township prior to parking his vehicle and receiving the September 24, 2016 summons.

The Township presented Officer Chiazzo as its sole witness. Chiazzo testified on direct examination there are signs "[a]t every entrance" to the Township "saying no parking [on] any street" between 2:00 a.m. and 6:00 a.m. On cross-examination, he admitted he did not place the signs at each roadway entrance to the Township, but he claimed he knew they were there because he had seen them "[t]hroughout [his] years."

Chiazzo also testified that on September 24, 2016, the day he issued the summons to defendant's vehicle, he did "not know with 100-percent certainty" that the required signs were "present" at the roadway entrances to the Township. Chiazzo further explained he could not specifically recall having "ever" seen such a sign during the eight years preceding his issuance of the summons to

4

defendant's vehicle. He did not testify he had any personal knowledge the signs were extant on the day of defendant's alleged violation of the ordinance.

In its decision from the bench, the municipal court stated that because defendant admitted parking his vehicle on the street during the prohibited hours, the issue presented was "whether or not proper notice" of the parking prohibition "was given" by appropriate signs at each entrance to the Township "at the time [defendant's] vehicle was parked there." In apparent reliance on Chiazzo's testimony—the Township offered no one else—the court found "the testimony" established "in fact that [the required] signage did exist."

The court noted defendant "attempted to prove that" the signage was not there, and "[s]ome of [his] . . . attempted proofs were denied based on the fact that they were not timely in that . . . there was nothing indicating what took place on the day in question other than [Chiazzo's] testimony."[2] The court

---

[2] Defendant offered evidence, including photographs and a video recording, showing the absence of the required signage at various entrances to the Township, including the roadways he testified he used to enter the Township prior to parking his vehicle on the street. The municipal court, and later the Law Division, sustained objections to the evidence, in part by finding it was irrelevant because the recording and photographs were not taken on the day defendant entered the Township, parked his vehicle in the street, and was issued the summons. We do not address the evidence, or the Law Division's decision to exclude it, because, as we explain, there is insufficient evidence supporting the Law Division's determination there were signs providing notice of the

5

further explained defendant admitted his vehicle was parked on the street during the prohibited hours, and the court concluded it was "satisfied that the [T]ownship provided adequate notice." The court found defendant violated the ordinance, and it entered an order directing that defendant pay a $17 fine and $33 in court costs.

Defendant appealed from the municipal court order. The Law Division conducted a trial de novo on the municipal court record, heard argument from the parties, and rendered an oral opinion that it supplemented with a written statement of reasons. In its written statement, the court found defendant "offered information to support the allegation that notice to the public" about the ordinance "was insufficient, as a result of signage not being in the required locations." The court noted the municipal court rejected defendant's testimony about the lack of signage "because the evidence submitted was not targeted to the date of the violation." The court found defendant violated the ordinance because he admitted his car was parked on the street during the prohibited hours and the information defendant provided at trial "did not negate Chiazzo's

---

ordinance's restrictions on the date of the incident such that the ordinance was enforceable against defendant.

A-0271-20

testimony that, to the best of his experience and knowledge, required signage was in place on the date of the offense."

The court entered an order "deny[ing]" defendant's appeal from the municipal court's determination he violated the ordinance and directed that he pay a $17 fine, $33 in court costs, a $75 Safe Neighborhoods Services Fund assessment, N.J.S.A. 2C:43-3.2, and $50 to the Violent Crimes Compensation Board, N.J.S.A. 2C:43-3.1. This appeal followed.

II.

We employ the "substantial evidence rule" in our review of a Law Division's decision on an appeal from a municipal court. State v. Heine, 424 N.J. Super. 48, 58 (App. Div. 2012). Our review is focused on "whether there is 'sufficient credible evidence . . . in the record' to support the trial court's findings." State v. Robertson, 228 N.J. 138, 148 (2017) (alteration in original) (quoting State v. Johnson, 42 N.J. 146, 162 (1964)). We defer to the trial court's factual findings, State v. Locurto, 157 N.J. 463, 470-71 (1999), and must uphold the court's factual findings so long as they are supported by sufficient competent evidence in the record, State v. Reece, 222 N.J. 154, 166 (2015). We review the Law Division's interpretation of the law de novo without according any special deference to the court's interpretation of "the legal consequences that flow from

7

established facts." Manalapan Realty, L.P. v. Twp. Comm. of Manalapan, 140 N.J. 366, 378 (1995).

N.J.S.A. 39:4-8(c) authorizes a municipality to regulate parking by ordinance, stating in relevant part:

> Subject to the provisions of [N.J.S.A.] 39:4-138, in the case of any street under municipal or county jurisdiction, a municipality or county may, without the approval of the commissioner, and consistent with the current standards prescribed by the Manual on Uniform Traffic Control Devices for Streets and Highways, by ordinance, resolution, or regulation: (1) prohibit or restrict general parking . . . [and] (3) designate time limit parking[.]

A municipal ordinance prohibiting on-street overnight parking is valid under N.J.S.A. 39:4-8(c) because the statute permits a municipality to "prohibit general parking" and "designate time limit parking." Spring Lake Hotel & Guest House Ass'n. v. Spring Lake, 199 N.J. Super. 201, 207 (App. Div. 1985) (quoting N.J.S.A. 39:4-8(c)(1) and (3)).

Enactment of a parking ordinance alone does not render it enforceable. A municipality must give notice of an ordinance's parking requirements and restrictions for the ordinance to be valid. See State v. Hart, 219 N.J. Super. 278, 281-82 (App. Div. 1987) (reversing a "conviction" for a parking violation because the posting of the hours of the parking meter's operation included "an

A-0271-20

ambiguous term in giving notice to the public"); Teaneck v. Siegel, 83 N.J. Super. 475, 476-79 (Law Div. 1964) (reversing a municipal court conviction for violating an ordinance prohibiting on-street parking in areas that had accumulated three inches of snow because the municipality failed to comply with the statutory requirement to post signs setting forth the ordinance's parking prohibition).

N.J.S.A. 39:4-198 provides that a municipal parking ordinance is not effective unless appropriate signage detailing the ordinance's requirements are properly posted. More specifically, the statute provides:

> No ordinance, . . . under any power given by this chapter or any supplement thereto shall be effective unless due notice thereof is given to the public by placing a sign at the places where the ordinance, resolution, or regulation is effective, and by briefing its provisions on signs according to specifications contained in this chapter or as specified by the current Manual on Uniform Traffic Control Devices for streets and highways.
>
> [N.J.S.A. 39:4-198 (emphasis added).]

Where, as here, there is a township-wide prohibition barring on-street overnight parking, "[t]he spirit of the statutory requirement (N.J.S.A. 39:4-198) that signs be posted 'at the places where the ordinance . . . is effective' is met . . . by placing the signs at each entrance into the municipality." State v.

9

Pack, 117 N.J. Super. 23, 25 (App. Div. 1971) (quoting N.J.S.A. 39:4-198). Thus, defendant argued before the municipal court and the Law Division, and argues again on appeal, he could not be properly convicted of violating the Township's ordinance because the lack of signage providing notice of the ordinance's on-street parking restrictions rendered the ordinance ineffective. See N.J.S.A. 39:4-198.

Violations of parking ordinances are adjudicated in accordance with the Parking Offenses Adjudication Act (POAA), N.J.S.A. 39:4-139.2 to -139.14, "which is part of the Motor Vehicle Code." Richmond & Burns, N.J. Municipal Court Practice, § 36:6-1 (2022). Alleged violations of municipal parking ordinances are tried as civil cases in the municipal court. See N.J.S.A. 39:4-139.3 (providing in part that "[f]or purposes of this act, violations of ordinances or regulations will be within the civil jurisdiction of the court"). In civil proceedings before a municipal court, the applicable standard of proof is "by a preponderance of the evidence." State v. Stafford, 365 N.J. Super. 6, 11 (App. Div. 2003); see Dep't of Conservation, etc. v. Scipio, 88 N.J. Super. 315, 322 (App. Div. 1965) (explaining in civil proceedings before the municipal court, "[t]he State satisfies the burden of proof placed upon it if it establishes defendant's violation by a preponderance of the evidence").

The POAA defines a municipality's evidentiary burden in the prosecution of an alleged parking violation. N.J.S.A. 39:4-139.8(a). Where a defendant does not deny the violation occurred, "[t]he officer issuing the ticket shall not be required to appear at the hearing of a case." Ibid. The statute further provides the standard for establishing a prima facie case of a parking violation.

> It shall not be required that evidence other than the parking ticket and information from the [Division of Motor Vehicles (DMV)] identifying the owner of the vehicle be submitted to the court, and that documentation in proper form shall be considered prima facie evidence that the registered owner of the vehicle was the person who committed the parking offense.
>
> [N.J.S.A. 39:4-139.8(a) (emphasis added).]

Because N.J.S.A. 39:4-139.8(a) expressly requires that only the parking ticket and DMV vehicle ownership information is required to establish "prima facie evidence" of a parking violation, a challenge to the effectiveness of an ordinance based on a municipality's failure to post appropriate signage under N.J.S.A. 39:4-198 is an affirmative defense rather than an element of the offense the municipality must prove in the first instance. See generally Buteas v. Raritan Lodge #61 F. & A.M., 248 N.J. Super. 351, 364 (App. Div. 1991) (explaining an affirmative defense is "a matter of avoidance of liability for culpable conduct

11

for which [a] defendant would have been answerable but for the particular facts of the transactional relationship between the parties").

"[W]hen an affirmative defense is raised [in a civil case], the defendant normally has the burden of proving it." Cavanaugh v. Skil Corp., 164 N.J. 1, 4-5 (2000) (second alteration in original) (quoting Roberts v. Rich Foods, 139 N.J. 365, 378 (1995)). "A defendant relying on an affirmative defense has the burden of persuasion by a preponderance of the evidence standard." Vill. of Ridgefield Park v. N.Y., Susquehanna & W. Ry. Corp., 318 N.J. Super. 385, 395 (App. Div. 1999); see Richmond & Burns, N.J. Municipal Court Practice, § 16:3-3(b) (2022) ("[I]f the defendant bears the burden of persuasion with respect to an affirmative defense, the standard will be a preponderance of the evidence").

Applying these principles, we are convinced the Township established a prima facie case of defendant violated ordinance § 155-9(A) by presenting the summons and evidence demonstrating defendant owned the vehicle that was parked on the street at 2:53 a.m. on September 24, 2016. See N.J.S.A. 39:4-139.8(a). Defendant, however, properly raised an affirmative defense the ordinance was not effective as to him by contesting the alleged violation in the first instance, and by testifying that the roadway entrances he traversed into the Township prior to parking his vehicle lacked the signage and notice of the

12

ordinance's prohibitions required under N.J.S.A. 39:4-198. See Pack, 117 N.J. Super. at 25. Defendant bore the burden of persuasion with respect to this defense by a preponderance of the evidence. Vill. of Ridgefield, 318 N.J. Super. at 395, but the Township bore the ultimate burden of proof defendant violated an ordinance that was effective under N.J.S.A. 39:4-198 by a preponderance of the evidence, Stafford, 365 N.J. Super. at 11.

"Under the preponderance standard, 'a litigant must establish that a desired inference is more probable than not. If the evidence is in equipoise, the burden has not been met.'" Liberty Mut. Ins. Co. v. Land, 186 N.J. 163, 169 (2006) (quoting Biunno, Current N.J. Rules of Evidence, cmt. 5(a) on N.J.R.E. 101(b)(1) (2005)).[3] This standard requires more than "mere conjecture or surmise"; it requires "that the evidence be such as to lead a reasonably cautious mind to the given conclusion." Bornstein v. Metro. Bottling Co., 26 N.J. 263, 275 (1958). "The burden of persuasion is satisfied 'if the evidence demonstrates the tendered hypothesis as a rational inference, that is to say, a presumption grounded in a preponderance of the probabilities according to the common

---

[3] The version of N.J.R.E. 101(b)(1) that is the subject of the 2005 comment is the same version extant today.

experience of mankind.'" Kita v. Borough of Lindenwold, 305 N.J. Super. 43, 50-51 (App. Div. 1997) (quoting Bornstein, 26 N.J. at 274-75).

The Law Division recognized, as had the municipal court, that the ordinance was ineffective as to defendant unless there was the required signage providing notice of the on-street overnight parking prohibition "on the date of the offense." Indeed, the Township does not dispute defendant could not be properly found to have violated the ordinance if the required signage was not posted when defendant entered the Township and parked his vehicle prior to the issuance of summons. The Township argues only that there is substantial credible evidence supporting the court's finding the required signage was posted on the day defendant parked his vehicle on the street.

The Law Division's determination the proper signage was posted on the date of the offense is based on two limited findings. First, the court noted it was not persuaded by defendant's testimony because it concerned only the lack of the required signage on days other than the date of the incident. Second, the court found defendant's testimony "did not negate Chiazzo's testimony that, to the best of his experience and knowledge, required signage was in place on the date of the offense." Based on our review of the record, we conclude the court's findings are not supported by substantial credible evidence in the trial record.

The court correctly recognized defendant offered testimony that on three separate days following the September 24, 2016 incident the roadway entrances to the Township he had taken prior to parking his car lacked any signage providing notice of the ordinance's restrictions. However, the court mistakenly suggested that was the only evidence defendant presented. In fact, defendant testified that on the date of the offense he drove into the Township using two different roadways and "definitely" neither had any signage providing notice of the ordinance's requirements. Thus, contrary to the court's finding, the record includes testimony establishing that on the day of the incident the roadway entrances traversed by defendant did not have the signage providing notice of the on-street overnight restrictions required to render the ordinance effective under N.J.S.A. 39:4-198.

The court also cited Chiazzo's testimony as establishing the signage was posted at all the roadway entrances to the Township on the date of the offense, but Chiazzo did not testify that was the case. Chiazzo testified he could not be "100 percent" sure whether the required signage was present on the date of the incident, and with good reason. He explained his knowledge about the signage was based on his experience over the prior thirteen years, but he also testified

A-0271-20

he could not recall "having seen" the signage during the eight years prior to the date of the incident.

In other words, Chiazzo had seen the signage at some undefined point in the past but no sooner than eight years prior to the date of the incident, and he apparently assumed the signage was still in place on the date he issued the summons to defendant's vehicle. Thus, although the court wholly ignored defendant's direct testimony there was no signage on the date of the incident, and found his testimony there was no signage on the days and weeks after the incident not pertinent, it incongruously relied on Chiazzo's vague recollection of seeing signage more than eight years prior to September 24, 2016, as dispositive of the fact the required signs were posted on that date.

In the portion of its opinion the Law Division rendered from the bench, the court stated that it did not base its decision on any credibility determinations. That is, the court did not reject defendant's testimony based on a finding he was not a credible witness. We therefore surmise the court found both defendant and Chiazzo credible witnesses, but it simply misunderstood or failed to accurately recall their plain testimony. In any event, the only evidence presented concerning the existence of the signage on the date of the incident is defendant's testimony the signage "definitely" was not present. The Township offered only

16

Chiazzo who did not testify he had personal knowledge the signage was posted on the date of the incident, candidly admitted he did not recall seeing the signage in over eight years, and explained he could not be sure proper signage existed when he issued the summons.

The Law Division recognized defendant's culpability for violating the ordinance was dependent on evidence establishing the signage was properly posted on the date of the incident. See Pack, 117 N.J. Super. at 25; see also N.J.S.A. 39:4-198. There is not a scintilla of credible evidence, let alone a preponderance of the evidence, establishing that was the case or refuting defendant's testimony that it was not. For that reason, the Law Division's finding the notice of the ordinance was properly posted on the date of the incident is not supported by substantial credible record evidence. Since the court's determination defendant violated the ordinance is founded on that essential, but wholly unsupported finding, we reverse the court's order finding defendant violated the ordinance. See Pack, 117 N.J. Super. 23, 25.

Because we reverse the court's order based on our determination the factual findings upon which it is based are not supported by sufficient credible evidence, it is unnecessary to address the merits of defendant's remaining fifty-two arguments.

17

Reversed.

I hereby certify that the foregoing
is a true copy of the original on
file in my office.

CLERK OF THE APPELLATE DIVISION

A-0271-20