CITY OF UNIVERSITY HEIGHTS, APPELLEE, *v.* DACHMAN, APPELLANT.

*Alec Berezin,* for appellee.
*Jerome M. Dachman, pro se.*

(No. 47656 — Decided July 30, 1984.)

PATTON, J.  This appeal arises from a judgment of the Shaker Heights Municipal Court finding the appellant herein, Jerome M. Dachman, in violation of University Heights Codified Ordinances Section 505.08. Three errors have been raised for our review.

As adduced from the record below, on July 1, 1982, at approximately 7:14 a.m., the appellant permitted his dog to defecate on a tree lawn located in University Heights. The appellant threw the feces into the street. At 1:30 p.m. on that same day, a complaint was filed in the Shaker Heights Municipal Court alleging appellant to be in violation of University Heights Codified Ordinances Section 505.08. This ordinance provides in pertinent part that:

"(a)  No person shall keep or harbor any animal in the City so as to create offensive odors, excessive noise or unsanitary conditions which are a menace to the health, comfort or safety of the public.

"(b)  Digging, urinating or defecating by any dog on any public or private property in the City is hereby declared to be a nuisance. No owner, keeper or person having custody or charge of any dog shall permit such dog to commit such nuisance on any public or private property other than the lot and land

where such owner, keeper or person having custody or charge of such dog resides, provided that the foregoing restriction shall not apply to private property onto which such owner, keeper or person having custody or charge of any dog has permission of the owner or resident to walk such dog. The owner, keeper or person having custody, charge or control of such dog shall immediately remove all feces deposited by such dog and dispose of the same in a sanitary manner."

Appellant was charged with violation of subsection (b) of this ordinance.

Upon trial of this matter, appellant was found guilty and fined $25. This instant appeal ensued.

## I

"The court erred in failing to grant defendant's motion to dismiss for failure to have a speedy trial."

It is initially argued that the trial court erred in failing to dismiss this action for not bringing the appellant to trial within the statutorily conferred period of R.C. 2945.71(A). Appellant predicates this error upon the fact that he was charged on July 1, 1982 and tried on September 13, 1982, thereby falling outside the prescribed thirty-day period mandated under R.C. 2945.71(A). We disagree.

Appellant was arraigned on July 12, 1982, entering a plea of not guilty to the offense charged. Trial was scheduled for July 26, 1982. On July 19, 1982, appellant filed a jury demand, and this matter was placed on the next jury docket. On July 26, 1982, appellant's jury demand was denied pursuant to R.C. 2945.17. A bench trial was therefore rescheduled for August 9, 1982.[1]

On August 9, 1982, appellant ap-

peared in open court and filed a written motion for dismissal due to the trial court's failure to bring him to trial within the statutorily conferred period of thirty days. R.C. 2945.71(A). This motion was denied. Appellant thereafter executed a written waiver of his speedy trial rights limited to September 13, 1982, pending the trial court's ruling on appellant's motion for reconsideration of the trial court's denial of his motion to dismiss.

Appellant's motion for reconsideration was denied, and this matter proceeded to trial on September 13, 1982. R.C. 2945.71(A) provides that a party against whom a minor misdemeanor charge is pending shall be brought to trial within thirty days from the date of his arrest or service of summons. In the instant matter, appellant was originally scheduled for trial within this thirty-day period. Upon his filing of a jury demand, however, this matter was held in abeyance pending the trial court's ruling on the same. At this point in time, appellant's actions caused the tolling of his speedy trial time. R.C. 2945.72(E).

On July 26, 1982, appellant's jury demand was denied, and this action was rescheduled for trial on August 9, 1982, the next court date available for the city of University Heights.

In review of this matter, it is clear that the appellant extended his speedy trial time by the filing of a jury demand, thereby necessitating the trial court's ruling on the same. Accordingly, pursuant to R.C. 2945.72(E), appellant's speedy trial time was tolled, as the delay in his trial was occasioned by the appellant.

## II

"The court erred in failing to find

---

[1] The city of University Heights presents its cases before the Shaker Heights Municipal Court on the second and fourth Mondays of the month. The rescheduled trial date of August 9, 1982 was therefore the next available trial date for the city of University Heights following the rescheduled date of July 26, 1982.

the ordinance unconstitutional and/or defective and/or inapplicable."

It is next argued that the trial court erred in failing to find Section 505.08 unconstitutionally vague and violative of appellant's equal protection rights. Appellant specifically contends that the term "dispose of the same [feces] in a sanitary manner" is void for vagueness. He further argues that the ordinance under review discriminates against dog owners. We find appellant's arguments to be unpersuasive.

It is long established that the power given to municipalities by Section 3, Article XVIII, Ohio Constitution, to adopt and enforce local police regulations includes the power of such regulations to prohibit. *Benjamin* v. *Columbus* (1957), 167 Ohio St. 103 [4 O.O.2d 113], paragraph four of the syllabus. Legislation pursuant to the police power may provide that a theretofore lawful activity will thereafter be a nuisance; and such legislation is valid if it has a real and substantial relationship to the public safety and general welfare of the public and is neither unreasonable nor arbitrary. *Village of West Jefferson* v. *Robinson* (1965), 1 Ohio St. 2d 113 [31 O.O.2d 188], paragraph four of the syllabus.

Whether an exercise of the police power does bear a real and substantial relation to the public health, safety, morals or general welfare of the public and whether it is unreasonable or arbitrary are questions which are committed in the first instance to the judgment and discretion of the legislative body, and, unless the decisions of the legislative body on those questions appear to be clearly erroneous, the courts will not invalidate them. *Benjamin* v. *Columbus, supra.*

Though legislation may be unconstitutional on its face, cf. *Beldon* v. *Union Central Life Ins. Co.* (1944), 143 Ohio St. 329, 340 [28 O.O. 295], or as applied, *Yick Wo* v. *Hopkins* (1886), 118 U.S. 356, 373-374, and *Beldon* v. *Union Central Life Ins. Co., supra,* at 340, a presumption of constitutionality attends legislation. *State, ex rel. Jackman,* v. *Court* (1967), 9 Ohio St. 2d 159, 161 [38 O.O.2d 404]; *Powell* v. *Pennsylvania* (1888), 127 U.S. 678, 684; cf. *Curtiss* v. *Cleveland* (1959), 170 Ohio St. 127, 130-131 [10 O.O.2d 85]. The burden of proof in rebuttal is on the party contesting validity. Cf. *State, ex rel. Jackman,* v. *Court, supra,* at 161.

Appellant argues that Section 505.08, *supra,* denies him, as a dog owner, equal protection of the law. There exists, however, no evidence before this court to support appellant's position. App. R. 9. Absent such evidence, we must presume the city legislators acted reasonably in their enactment of the ordinance under review, and that Section 505.08 is not violative of appellant's constitutional right to equal protection of the law.

We now turn to the second aspect of appellant's argument, wherein exception is taken to the word "sanitary."

The term "sanitary" is generally known and understood to refer or pertain to health, characterized by or readily kept in cleanliness. Webster's Second New International Dictionary (1956) 2214; Webster's Ninth New Collegiate Dictionary (1983) 1042. Though appellant contends that such term is unconstitutionally vague in that it fails to alert a person of ordinary intelligence that his contemplated conduct is forbidden by statute, we are compelled to disagree.

Viewing Section 505.08 in light of appellant's argument, without recourse to the presumption of validity, we find that the explicit terms of Section 505.08 more than adequately alert an individual of the conduct prohibited by that ordinance. We therefore conclude that the ordinance is constitutional, and we accordingly find appellant's second assigned error to be without merit.

## III

"The court erred in failing to grant defendant's motion to dismiss on failure of the prosecutor to comply with R.C. 2945.10(A) and R.C. 2938.11(A) when the prosecutor waived an opening statement and failed, refused, and neglected to make an opening statement whereupon the defendant requested dismissal, as a result of the prosecution's failure to comply with the law."

Though appellant argues that the trial court erred in failing to dismiss this action due to the prosecutor's failure to make an opening statement, we note that appellant has failed to provide us with either a transcript of the contested proceedings or a statement of proceedings. App. R. 9(C). Appellant has therefore failed to exemplify the error presently raised and argued. We therefore overrule the same. The judgment of the trial court is affirmed.

*Judgment affirmed.*

CORRIGAN, P.J., and PARRINO, J., concur.