ROBINSON, APPELLANT, *v.* LEBANON CITY SCHOOL DISTRICT BOARD OF EDUCATION, APPELLEE.

(No. CA84-12-083 — Decided December 2, 1985.)

*James R. Kirkland & Associates* and *James R. Kirkland,* for appellant.

*Ennis, Roberts & Fischer Co., L.P.A.,* and *J. Michael Fischer,* for appellee.

JONES, J. In January 1979, plaintiff-appellant, Velma Robinson, a certified teacher, was first employed by defendant-appellee, Lebanon City School District Board of Education, in the position of high school librarian. She was reemployed in that position under successive, one-year limited contracts for both the 1979-1980 and 1980-1981 school years.

At the beginning of the 1980-1981 school year, appellant was informed by John Evers, principal of the high school, that she would be required to perform the duties of audio-visual coordinator in addition to her duties as school librarian. Fred Boulton, the assistant principal, had previously performed the duties of audio-visual coordinator along with his primary duties as assistant principal. When appellant was informed she was being assigned these additional duties, she stated that the audio-visual duties should be assigned to someone else, as she was unable to perform both the new duties and her regular librarian duties.

On March 17, 1981, appellant filed a grievance over being assigned the duties of audio-visual coordinator. Evers denied the grievance on March 27, 1981. On March 30, 1981, Evers evaluated appellant's performance; and, on April 10, 1981, he recommended to the school superintendent that appellant not be reemployed for the following school year.

On April 21, 1981, the superintendent informed appellant that she would not be renewed for the following school year. On April 27, 1981, appellant addressed the appellee regarding her nonrenewal. Appellee, however, did not renew appellant's contract; and, on April 28, 1981, a copy of the nonrenewal action was delivered to appellant. According to R.C. 3319.11, appellant had to be notified by April 30, 1981 that appellee did not intend to renew her contract, or she would have automatically achieved a continuing contract status.

On August 13, 1981, appellant filed a complaint against appellee in the Warren County Court of Common Pleas alleging that her contract was not renewed because she had filed a grievance, and claiming that she was en-

titled to reinstatement to her position and damages under Section 1983, Title 42, U.S. Code. On June 25 and 26, 1984, a trial was held; and, on October 15, 1984, the trial court rendered its decision denying appellant's claim for relief. This decision was entered on November 5, 1984; and, on December 5, 1984, appellant timely filed her notice of appeal naming the following as her sole assignment of error:

"The trial court erred in finding that the teacher's filing of a grievance was not the substantial factor in the board's decision to nonrenew her, there being no other substantial or reasonable basis to justify the decision to nonrenew her."

Appellant argues under her assignment of error that her contract was not renewed because she filed a grievance, which was a constitutionally protected activity. The United States Supreme Court has held that a teacher may "establish a claim to reinstatement if the decision not to rehire him was made by reason of his exercise of constitutionally protected First Amendment freedoms." (Citation omitted.) *Mt. Healthy Bd. of Edn.* v. *Doyle* (1977), 429 U.S. 274, at 283-284. The Supreme Court went on to state that the initial burden in such a case is upon the plaintiff to show the conduct alleged to be the cause for the nonrenewal was constitutionally protected, and that it was a "substantial factor" or "motivating factor" in the school board's decision not to renew. *Mt. Healthy, supra,* at 287.

The trial court in this case found that the filing of the grievance was constitutionally protected, but that it was not the motivating factor leading to her dismissal; however, the court found that due to appellant's unsatisfactory performance of her audio-visual duties, the board of education was justified in electing not to renew her contract. We find that there is some competent, credible evidence in the record to support the judgment of the trial court, and therefore we must affirm its decision.

*C.E. Morris Co.* v. *Foley Construction Co.* (1978), 54 Ohio St. 2d 279 [8 O.O. 3d 261]; *Seasons Coal Co.* v. *Cleveland* (1984), 10 Ohio St. 3d 77, 80.

The evidence presented which supports the trial court's findings includes appellant's own testimony during the trial, a portion of which is as follows:

"A. The first day that I reported to work that year, Mr. Evers told me that I was now assigned to the audio-visual duty, as well as to being the librarian. I explained to him that I was hired as a librarian and that I could not do both jobs * * *.

"Then I went to see Mr. Boulton, and I told Mr. Boulton how I felt and that I felt that it was his job * * *.

"Q. * * * And with what frequency did you approach them and whom did you approach?

"A. I would go at least once a month to Mr. Evers and I would tell him — I know of at least five times during the year — and I told him that it was impossible for me to do both jobs * * *."

The fact that appellant repeatedly informed the principal and assistant principal that she did not feel the duties should be assigned to her, and that she could not adequately perform both jobs evidences that the motivating factor for appellant's nonrenewal was her lack of cooperation in accepting and performing her newly assigned duties, and not the filing of the grievance.

The evidence presented showed that the audio-visual duties were not extensive. The duties had previously been performed by other school employees along with their main duties. The school principal made the decision to assign the duties to the school librarian since he felt that Boulton would be needed for more administrative duties in the future; it was clearly his right to assign these extra duties and to want a librarian who both could and would perform the duties.

The trial court found that appellant's performance of her audio-

visual duties during the school year was less than satisfactory, and there was testimony in support of this finding to the effect that teachers were complaining to Evers that the audio-visual duties were not being performed properly.

Appellant relies heavily on the case of *Hickman* v. *Valley Local School Dist. Bd. of Edn.* (C.A.6, 1980), 619 F.2d 606, which held, in effect, that a personality conflict between a teacher and the school principal and declining performance could not be justifiable reasons for dismissal because these occurrences were "inextricably linked to the antagonism generated from her union activities.* * *" *Id.* at 608. The *Hickman* case, however, is readily distinguishable from the case *sub judice* in that in *Hickman* it was the teacher's constitutionally protected union activities which gave rise to the conflicts with the school principal and the poor evaluations. In the present case, the evidence showed appellant's poor performance and uncooperative attitude about the newly assigned duties caused conflicts with school administrators well before the constitutionally protected activity of filing a grievance even occurred.

Accordingly, appellant's assignment of error is overruled.

The judgment of the trial court is affirmed.

*Judgment affirmed.*

KOEHLER, P.J., and HENDRICKSON, J., concur.