THE STATE OF OHIO, APPELLEE, *v.*
BENSON, APPELLANT.

(No. 49531 — Decided
December 23, 1985.)

*John T. Corrigan,* prosecuting attorney, and *James R. Columbro,* for appellee.

*Steven E. Elder,* for appellant.

JACKSON, J. Michael Benson appeals his conviction in the Cuyahoga County Court of Common Pleas for aggravated robbery with a gun specification and possession of criminal tools. For the reasons more fully detailed below, the judgment must be reversed and appellant discharged.

I

Appellant was arrested March 16, 1984 by Lakewood police in connection with the armed robbery of a pedestrian in which he allegedly was the driver of the getaway car. Appellant's two companions robbed a pedestrian while appellant, the driver, remained in the car. The victim testified he was robbed with a gun which he identified at trial. The victim heard a male voice from the car shout a warning and the two robbers ran back to the car.

Police stopped the car a short time later and arrested appellant and two companions. A loaded gun was confiscated from the floor of the back seat. Police also found the possessions of the robbery victim in the car.

Appellant later made a statement to police admitting his part in the theft of the car and the subsequent robbery of the pedestrian. He denied any knowledge of a gun. Appellant was indicted on April 5, 1984 on four counts: aggravated robbery, with a gun specification (R.C. 2911.01); carrying a concealed weapon (R.C. 2923.12); possession of criminal tools (R.C. 2923.24); and another count of aggravated robbery with a gun specification. He was arraigned April 11, 1984 and pleaded innocent.

Three pretrial hearings were set April 19, May 9, and May 21, 1984.

There was no statement in the court's journal which indicated that appellant's counsel requested the continuances.

Appellant remained incarcerated from March 16, 1984 to September 12, 1984, at which time he was tried without a jury and convicted.

Appellant had signed a speedy trial waiver form on May 23, 1984. The waiver, by its terms, expired July 31. On August 31, 1984, appellant filed a motion to dismiss for lack of a speedy trial. The motion was overruled September 12, 1984.

Appellant was sentenced to a term of eight to twenty-five years for aggravated robbery, and two to five years for possession of criminal tools, sentences to run concurrently, plus the mandatory three-year sentence for an offense involving a firearm (R.C. 2929.71).

Appellant appeals and assigns five errors for consideration of this court.

## II

Appellant charges in his first assigned error that:

"Appellant's Ohio constitutional right to a speedy trial, as implemented by Ohio Revised Code § 2945.71-73, was violated requiring his discharge."

The Ohio speedy trial statute, R.C. 2945.71, provides that a person against whom a charge of felony is pending shall be brought to trial within two hundred seventy days after his arrest. Each day during which the accused is held in jail in lieu of bail on the pending charge shall be counted as three days. R.C. 2945.71 (E). Therefore, such person must be brought to trial within ninety days.

At the time appellant filed his motion to dismiss, he had been incarcerated in lieu of bail for one hundred sixty-eight days. For purposes of speedy trial computation, appellant was incarcerated for ninety-eight days on August 31, 1984.[1]

The trial court overruled appellant's motion to dismiss on the basis of two unjournalized continuances allegedly sought by appellant. These continuances totaled twenty-one days and, if effective, would have reduced the time of appellant's incarceration to below the statutory limit for speedy trial purposes.

R.C. 2945.72(H) provides that the time in which an accused must be brought to trial is extended by "[t]he period of any continuance granted on the accused's own motion, and the period of any reasonable continuance granted other than upon the accused's own motion * * *."

At a hearing on the motion to dismiss the indictment, the bailiff of the trial judge testified for the state as to the contents of the court's internal scheduling card, or "blue card." According to the "blue card," the two continuances were charged to appellant.[2]

The continuances had not been journalized by the trial judge. The blue card was not admitted as part of the record before this court.

The Ohio Supreme Court has stated unequivocally that a court speaks only through its journal. *State, ex rel. Indus. Comm., v. Day* (1940), 136 Ohio St. 477 [17 O.O. 86], paragraph one of the syllabus. Further, R.C. 2945.02 clearly provides:

"No continuance of the trial shall be granted except upon affirmative proof in open court, upon reasonable notice, that the ends of justice require a continuance.

---

[1] The running of the statute was tolled for seventy days, the period covered by a speedy trial waiver executed by appellant. Appellant executed the waiver on May 23, 1984. The waiver by its terms extended to July 31, 1984.

[2] Defense counsel testified he had not sought continuances on behalf of appellant. Appellant indicates the continuances were sought by his co-defendants, who were free on bail. A co-defendant's motion for separate trials was granted in July.

"* * *

"Whenever any continuance is granted, the court shall enter on the journal the reason for the same."

See, also, Markus, Trial Handbook For Ohio Lawyers (1973) 28, Section 32.

The proper procedure for journalization of continuances is stated in *State* v. *Geraldo* (1983), 13 Ohio App. 3d 27, 30-31:

"For purposes of R.C. 2945.72, the unequivocal and repeated holding of the Ohio Supreme Court * * * has been: (1) that the *granting of a continuance must be recorded* by the trial court *in its journal entry;* (2) *that the journal entry must identify the party to whom the continuance is chargeable;* and (3) that if the trial court is acting sua sponte, the journal entry *must* so indicate and *must* set forth the reasons justifying the continuance. * * * *Periods of time otherwise tolled by a defense continuance must be counted against the state, if not so recorded* as indicated above." (Citations omitted. Emphasis added in part.)

This court has held that continuances allegedly requested by the defense cannot delay the statutory speedy trial time limits unless the court's *journal* shows that reason for the continuance. *State* v. *Copley* (Mar. 27, 1980), Cuyahoga App. No. 40888, unreported (Unsigned notation on file jacket and state's contention that defense counsel requested continuance at arraignment did not constitute "record.").

In *Cleveland Heights* v. *Newman* (Nov. 2, 1978), Cuyahoga App. No. 37768, unreported, this court required the trial court to state on the record the explicit reason for a continuance. This court held that a docket entry of a pretrial continuance which did not state the reason therefor did not extend the speedy trial time. Similarly, in constru-

ing the second clause of R.C. 2945.72(H) ("continuance granted other than upon the accused's own motion"), this court has consistently required the journalization of *sua sponte* continuances. See *Cleveland* v. *Austin* (1978), 55 Ohio App. 2d 215 [31 O.O.2d 315], and *Oakwood* v. *Ferrante* (1975), 44 Ohio App. 2d 318 [73 O.O.2d 374]. For example, in *Austin,* this court held at 229 that notations on the jacket of a traffic ticket did not form a basis for an extension of time pursuant to R.C. 2945.72(H).

The test for whether a continuance, *sua sponte* or otherwise, may extend the speedy trial limitation is whether the granting of the continuance is journalized and identifies the party to whom the continuance is chargeable. In the case of a *sua sponte* continuance, the reason therefor must also be indicated in the journal entry.

The record in the case at bar contains no evidence which indicates appellant sought the continuances with which he is charged. The record discloses no defense motions for continuances[3] and no journal entries.

The Ohio Supreme Court has clearly indicated that while trial court proceedings are generally presumed to be regular, a contrary rule is necessary to preserve the intent of the speedy trial statute. *State* v. *Lee* (1976), 48 Ohio St. 2d 208 [2 O.O.3d 392]. A bailiff's testimony is simply insufficient to establish the tolling of the period of time allegedly granted in an unjournalized continuance against defendant-appellant.[4] Journalization of countinuances produces a clear record, avoids needless speculation and controversy concerning the court's action, and protects the rights of all parties.

In view of the clear language of R.C. 2945.02, the established case law in Ohio

---

[3] A motion for continuance stating a reason therefor is required by C.P. Sup. R. 7(A).

[4] The dissenting opinion takes a contrary view on this issue, but presents no authority to support its position.

on this issue, and the fact that orders regarding continuances affect substantial rights, this court cannot approve such unjournalized continuances being counted against a defendant for purposes of speedy trial computations.

It is the responsibility of the trial court, with the assistance of the prosecuting attorney, to ensure that an accused is brought to trial within the mandatory time limits set forth in R.C. 2945.71. When this responsibility is not fulfilled, the reviewing court is required by R.C. 2945.73(B)[5] to order defendant discharged. Appellant's first assignment of error is sustained.

Appellant's remaining assigned errors will be considered briefly, though each has been rendered moot by our disposition of the first assigned error. * * *■

Accordingly the judgment of the trial court is reversed and appellant is discharged for failure of the trial court to comply with the mandatory provisions of the Ohio speedy trial statute.

*Judgment reversed.*

NAHRA, J., concurs.

PARRINO, J., concurs in part and dissents in part.

PARRINO, C.J., concurring in part and dissenting in part. I respectfully dissent from the majority's disposition of the first assignment of error. In all other respects I concur.

This court has held that where a court's journal does not reflect that a continuance has been granted, the state may not rely on R.C. 2945.72(H) to justify a delay in bringing the accused to trial. *Oakwood* v. *Ferrante* (1975), 44 Ohio App. 2d 318, 323-324 [73 O.O.2d 374]. In addition, it is clear that a court speaks only through its journal. *Cleveland* v. *Austin* (1978), 55 Ohio App. 2d 215, 229 [31 O.O.2d 315]. However, in these cases this court was concerned with protecting the defendant from undocumented *sua sponte* continuances granted by the court. This is not the situation in the case *sub judice;* the continuances were not granted by the court *sua sponte.* Rather, the record shows that they were requested by the appellant and thus were sufficient to invoke the tolling provisions of R.C. 2945.72(H).

While I would have preferred that the continuances granted to the appellant in this case were journalized, there is independent competent evidence contained in the record to support the conclusion that they were in fact given. At the hearing on the motion to dismiss the indictment, the court's bailiff, Randy Tompkins, testified that a blue card, personally kept and updated by him, indicated that the case was continued from April 30, 1984 until May 9, 1984 and again from May 9, 1984 until May 21, 1984. Tompkins also testified that the continuances granted to each co-defendant were also kept by him and recorded separately so that those noted on appellant's blue card could not have been requested by his co-defendants. This sworn testimony of the bailiff corroborating the information contained in the blue card, which was personally prepared and kept by him under the court's direction, reflects that continuances were requested by and given to the ap-

---

[5] R.C. 2945.73(B) governing discharge for delay in trial provides:

"Upon motion made at or prior to the commencement of trial, a person charged with an offense shall be discharged if he is not brought to trial within the time required by sections 2945.71 and 2945.72 of the Revised Code."

pellant. While the testimony of appellant's counsel conflicted with that of the bailiff, the court, as trier of fact, was justified in accepting the testimony of its own bailiff on this subject.

For these reasons, I believe that Assignment of Error No. I should be overruled.

Accordingly, I would affirm appellant's convictions.