CITY OF CLEVELAND, Appellee,

v.

JONES, Appellant.

[Cite as *Cleveland v. Jones* (1996), 110 Ohio App.3d 791.]

Court of Appeals of Ohio,
Eighth District, Cuyahoga County.

No. 69559.

Decided May 6, 1996.

*Carolyn W. Allen,* Cleveland Chief Prosecuting Attorney, and *George A. Pace, Jr.,* First Assistant City Prosecutor, for appellee.

*Marshall & D'Angelo* and *Patrick A. D'Angelo,* for appellant.

O'DONNELL, Judge.

Noah Jones appeals from his August 18, 1995 Cleveland Municipal Court menacing conviction alleging denial of his right to speedy trial.

On March 8, 1995, Curtis Harris, a Cleveland school bus driver, stopped his bus at the Second District Police Station located on Fulton Road on Cleveland's west side and sent a student into the station to request assistance in regaining control

of the thirty-nine students riding the bus that day. Officer Noah Jones, on duty at the front desk, responded and entered the bus. While Officer Jones spoke to the students, eleven-year-old Ashley Moore became upset and uncooperative and exchanged words with Officer Jones. Witnesses testified that Jones told Moore that he would "cut her tongue out" and that he held a small pocket knife in his right hand.

On June 21, 1995, the city charged Jones with menacing, a fourth degree misdemeanor. Jones received service of this summons on June 22, 1995. The court arraigned him on July 6, 1995, at which time he entered a not guilty plea and requested a jury trial.

The court held a pretrial on July 17, 1995 and at that time, the prosecutor advised the court that Ashley Moore's mother had left a message stating that Ashley would be unavailable to testify until mid-August due to a vacation. The court scheduled the matter for trial on August 16, 1995 over Jones's request for immediate trial and assertion that he did not waive his right to a speedy trial. However, the journal entry of that date states that the matter was continued for trial at defendant's request.

Then, on August 8, 1995, Jones filed a motion to dismiss the case, citing his right to a speedy trial. The court, after hearing, denied the motion on August 16, 1995 and then scheduled the trial for the next day. The transcript of this hearing contains statements by the court indicating that the court had scheduled the matter on August 16, 1995 for two reasons: the judge's two-week vacation and a "jammed docket."

The court, sitting without a jury, conducted a trial on August 17, 1995, fifty-six days after service of summons, and found Jones guilty of the charge of menacing. Jones now timely appeals, assigning two errors for our review.

The first assignment of error states:

"The trial court committed prejudicial error by failing to grant Mr. Jones's motion to dismiss when he was brought to trial eleven (11) days beyond the time statutorily allowed by the speedy trial statute."

Jones asserts that the trial court violated his right to a speedy trial because the court failed to comply with R.C. 2945.71(B)(2), which requires a misdemeanor trial to be commenced within forty-five days of the date of service of summons.

The prosecution asserts that the trial court did not violate Jones's right to a speedy trial because the court granted a reasonable continuance at a pretrial hearing, which tolled the time for bringing the case to trial.

Our analysis begins by examining R.C. 2945.71(B)(2), which requires that a person charged with a fourth degree misdemeanor be brought to trial within

forty-five days after service of summons. Since Jones received service of summons on June 22, 1995, trial should have begun within forty-five days of that date. R.C. 2945.72 provides that the time for trial may be extended in certain instances, including a motion by the defendant and a reasonable continuance granted other than upon the accused's own motion.

Further, R.C. 2945.73(B) provides that upon motion made at or prior to trial, a person charged with an offense shall be discharged if he is not brought to trial within the required statutory time.

■ Once an accused establishes a *prima facia* case for discharge upon showing that the statutory speedy trial period has elapsed, the state bears the burden of demonstrating that any of the subsections of R.C. 2945.72 have extended the time for bringing the defendant to trial. *State v. Geraldo* (1983), 13 Ohio App.3d 27, 13 OBR 29, 468 N.E.2d 328; *State v. Bowman* (1987), 41 Ohio App.3d 318, 319, 535 N.E.2d 730, 731–732. Extensions of time under R.C. 2945.72 are to be strictly construed against the state. *State v. Singer* (1977), 50 Ohio St.2d 103, 109, 4 O.O.3d 237, 240, 362 N.E.2d 1216, 1220; *State v. Bowman, supra*, 41 Ohio App.3d at 319, 535 N.E.2d at 731–732.

The Supreme Court in *State v. McBreen* (1978), 54 Ohio St.2d 315, 318, 8 O.O.3d 302, 304, 376 N.E.2d 593, 595, noted:

"It is evident from a reading of R.C. 2945.72(H) that the statute contemplates extensions of the statutory time limits for trial in two situations, *i.e.*, extensions on 'the accused's own motion' and extensions granted 'other than upon the accused's own motion.' The statutory language permits extensions for a period of *any* continuance on the accused's own motion, while it requires extensions granted other than upon the accused's own motion to be *reasonable*." (Emphasis *sic*.)

■ Further, unless the court does all of the following, a continuance will not extend time to try the defendant: (1) record the continuance through its journal entry prior to the expiration of the speedy trial requirements, (2) identify the party to be charged with the continuance, and (3) briefly indicate the reasons requiring the continuance. *State v. Collura* (1991), 72 Ohio App.3d 364, 368, 594 N.E.2d 975, 977–978; *State v. Geraldo* (1983), 13 Ohio App.3d 27, 13 OBR 29, 468 N.E.2d 328; *State v. Benson* (1985), 29 Ohio App.3d 321, 323, 29 OBR 448, 450–451, 505 N.E.2d 987, 990.

In the case of a *sua sponte* continuance, the Supreme Court in *State v. Lee* (1976), 48 Ohio St.2d 208, 209, 2 O.O.3d 392, 393, 357 N.E.2d 1095, 1096, stated:

"The record of the trial court must in some manner affirmatively demonstrate that a *sua sponte* continuance by the court was reasonable in light of its necessity

or purpose. Mere entries by the trial court will ordinarily not suffice, except when the reasonableness of the continuance cannot be seriously questioned. Although this burden is contrary to the presumption of regularity generally accorded to trial proceedings, it appears necessary to carry out the purpose of the speedy trial statutes."

In this case, a review of the transcripts of July 17 and August 16 and the pleadings demonstrates that the trial court failed to comply with the strict dictates of R.C. 2945.71 through 2945.73. Specifically, the form journal entry of July 17, 1995 incorrectly attributed the trial continuance to Jones when both the court record and the hearing transcripts indicate that Jones never requested a continuance and specifically asked to proceed to trial on that date. In addition, the journal entry fails to state the purpose for the continuance of trial.

In this case, the state has not offered any reason for the continuance other than Mrs. Moore's phone message. The court offered as its explanation either its two-week vacation or a "jammed docket."

While a case may be continued beyond the indicated statutory limits without violating speedy trial rights if the journal entry complies in all respects with *State v. Collura, supra,* the explanations of "vacation" or "jammed docket" do not, without more, suffice to toll the time within which to commence trial.

Since these statutes must be strictly construed against the state, and since the *sua sponte* journal entry of continuance failed to set forth with specificity the reasonableness of the continuance in light of its necessity or purpose, and since R.C. 2945.73 requires discharge, we find Jones's assignment of error to be well taken, and we are constrained to apply that law, reverse the judgment of the trial court, and discharge the appellant. Accordingly, appellant is discharged.

In accordance with App.R. 12, the second assignment of error alleging that Jones's conviction is against the sufficiency and manifest weight of the evidence is rendered moot by the conclusions reached in our analysis herein, and we are not required to rule upon it.

The judgment of conviction in this case is reversed, and the appellant is discharged pursuant to R.C. 2945.73.

*Judgment reversed
and appellant discharged.*

BLACKMON, P.J., and PATTON, J., concur.