JOURNAL ENTRY AND OPINION
William King appeals his convictions for violating appellee city of Parma ("Parma") Codified Ordinance ("P.C.O.") 351.18, a ban on overnight parking during the winter months, a misdemeanor of the fourth degree, on four separate dates. King claims that P.C.O.351.18 is unconstitutional, that Parma Municipal Court Judge Mary L. Dunning erred in not allowing the jury to determine the constitutionality of this ordinance, and that she violated King's right to a speedy trial. We disagree and affirm.
King's 1997 Chevrolet automobile was parked on the 7900 block of Theota Avenue, in Parma, Ohio between the hours of 2:00 a.m. and 8:00 a.m. on December 10, 1997, January 9, 1998, January 26, 1998 and February 4, 1998. P.C.O. 351.18 prohibits such parking during the winter months and, as a result, King was issued four separate "Complaint/Summons."
Because he failed to pay the $15 fine for the December violation, King was given notice dated March 30, 1998, through ordinary mail, to either pay the (by that time, $40) fine or appear at the Parma court on April 17, 1998. At the April 17, 1998 hearing, King appeared, entered a plea of not guilty to all four charges, and a bench trial was scheduled for April 28, 1998. On April 21, 1998, the Parma court received King's jury demand and, consequently, a jury trial was scheduled for June 5, 1998. On May 28, 1998, King filed motions to change venue, to dismiss, and for a jury to determine the constitutionality of P.C.O. 351.18. Citing a need to respond to these motions, Parma filed a motion to continue the trial on June 3, 1998. A new trial date of July 9, 1998, was set and later, sua sponte, rescheduled for July 16, 1998. Eventually, all three of King's motions were denied. At the July 16, 1998 hearing, King filed a motion to continue and executed a waiver of speedy trial form.
After the August 6, 1998 jury trial, King, proceeding pro se, was found guilty of each traffic infraction, and fined $50 and costs on each count, with one year to pay said fines. King was assigned to probation for that length of time, or until the fines and costs, then totaling $1,116, were paid in full.
King's first assignment of error reads:
 I. THE TRIAL COURT ERRED BY ALLOWING THE CASE TO BE BROUGHT TO TRIAL, DUE TO THE FACT THAT PARMA CODIFIED ORDINANCE 351.18 IS IN VIOLATION OF THE OHIO CONSTITUTION.
King maintains that Parma's P.C.O. 351.18 is unconstitutional because: (1) it violates his inalienable right to liberty, Section1, Article I, Ohio Constitution; (2) violates Section 2, Article I, Ohio Constitution, the Equal Protection Clause; and (3) is not a valid exercise of local self government, Section 3, Article XVIII, Ohio Constitution. Parma counters that P.C.O. 351.18 is constitutional as it is substantially related to the public's health and welfare.
P.C.O. 351.18 provides in pertinent part:
 (a) No owner or operator of any vehicle shall park such vehicle on any street within the City, from November 1 of each year through April 15 of the following year, for a period of time longer than three minutes for loading and unloading passengers between the hours of 2:00 a.m. and 8:00 a.m. Emergency and public safety vehicles and vehicles being used by physicians on emergency calls are exempt from the provisions of this section.
* * *
 (c) The director of Public Safety is hereby authorized to issue special permits allowing parking during the prohibited time under this section where certain hardships exist. Application must be made by the resident at a given location outlining specifically the make, model and other descriptive features of each vehicle involved, as well as the license number assigned to the vehicle.
A municipal ordinance, duly enacted, is presumed constitutional, and the burden of establishing its unconstitutionality rests upon the one challenging its validity. City of EastCleveland v. Palmer (1974), 40 Ohio App.2d 10, 317 N.E.2d 246. Consequently, a local ordinance's validity will not be questioned "unless it clearly bears no real and substantial relation to public health, safety, morals, or general welfare, or is unreasonable or arbitrary." Id. See, also, Ghaster Properties, Inc. v. Preston,Dir. (1964), 176 Ohio St. 425, 200 N.E.2d 328.
In Geauga Cty. Bd. of Commrs. v. Munn Rd. Sand Gravel
(1993), 67 Ohio St.3d 579, 621 N.E.2d 696, the Ohio Supreme Court determined that "[o]ur Constitution gives to municipalities broad authority to adopt police regulations (city ordinances) which are not in conflict of general laws". Id. The result of these "home rule powers" is the ability of a municipality to regulate the actions of its citizens through the authority vested in it from the Ohio Constitution. No other authority need exist to maintain their validity. Id.
In Palmer, supra, this court determined that placing a limitation on overnight parking was reasonable and constitutional because it was designed to promote the safety and general welfare of its citizens. Similarly, in the case at bar, the ban on overnight parking issued by Parma from November 1 to April 15 every year also bears a substantial relation to the public's heath and welfare. It is undisputed that during those months the average snowfall is such that the streets need to be free of automobiles so that they may be properly plowed.
Consequently, since the record is devoid of evidence that shows the questioned ordinance is clearly arbitrary and unreasonable, or that it bears no substantial relation to the public's health, welfare, morals, or safety of the community, this assignment of error has no merit.
The second assignment of error reads:
 II. THE TRIAL COURT ERRED IN NOT ALLOWING THE JURY TO DECIDE THE CONSTITUTIONALITY OF PARMA CODIFIED ORDINANCE 351.18.
King argues his right to have the jury determine the constitutionality of P.C.O. 351.18. However, "it is a fundamental tenet of jury trial procedure that the judge decides questions of law, and the jury, as factfinder, then decides questions of fact. Our entire system is built around this basic proposition * * *."Gallagher v. The Cleveland Browns (1996), 74 Ohio St.3d 427, 436,659 N.E.2d 1232. Contrary to King's position, the question of constitutionality presented here is a question of law. Adkins v.Stow City School District Bd. of Education (1990), 70 Ohio App.3d 532,591 N.E.2d 795. The judge, therefore, properly kept the issue of constitutionality from the jury and this assignment of error is not well taken.
King's third assignment of error states:
 III. THE TRIAL COURT ERRED BY DENYING DEFENDANT'S MOTION TO DISMISS DUE TO THE FACT APPELLANT WAS DENIED A SPEEDY TRIAL AND THE PROSECUTION OF THE CASE WAS NOT COMMENCED WITHIN THE TIME REQUIRED BY STATUTE.
King maintains that his right to a speedy trial, pursuant to R.C. 2945.71, was violated when he was not brought to trial in the allotted forty-five day time period required for a fourth degree misdemeanor. R.C. 2945.71(B)(1). R.C. 2945.71 provides in pertinent part:
 (B) A person against whom a charge of misdemeanor, other than a minor misdemeanor, is pending in a court of record, shall be brought to trial:
 (1) Within forty-five days after his arrest or the service of summons, if the offense charged is a misdemeanor of the, third or fourth degree, or other misdemeanor for which the maximum penalty is imprisonment for not more than sixty days; * * *
R.C. 2945.72 provides the reasons for the extension of time for a hearing or trial, and provides in pertinent part:
 (D) Any period of delay occasioned by the neglect or improper act of the accused;
 (E) Any period of delay necessitated by reason of a plea in bar or abatement, motion, proceeding, or action made or instituted by the accused; * * *
Once an accused has established a prima facie case for discharge due to the running of the statutory speedy time limits, "the state bears the burden of demonstrating that any subsections of R.C. 2945.72, have extended the time for bringing the defendant to trial." Cleveland v. Jones (1996), 110 Ohio App.3d 791, 794,675 N.E.2d 498, 499. See, also, State v. Geraldo (1983), 13 Ohio App.3d 27,468 N.E.2d 328. The provisions for extensions of time under R.C. 2945.72 are to be strictly construed against the state.Jones, supra.
Extensions of the statutorily guided time limits for trial are appropriate when made on the accused's own motion, and in some circumstances, `other than upon the accused's own motion.'" Id. quoting State v. McBreen (1978), 54 Ohio St.2d 315, 318,376 N.E.2d 593, 595. Pursuant to the statute, extensions of time will be granted for any continuance on the accused's own motion, while other motions for continuance will only toll the speedy trial guidelines if they are reasonable. Id. A continuance will not extend the time to try a defendant unless the judge does all of the following:
 "(1) record the continuance through its journal entry prior to the expiration of the speedy trial requirements; (2) identify the party to be charged with the continuance; and (3) briefly indicate the reasons requiring the continuance." Id. See, also, State v. Collura (1991) 72 Ohio App.3d 364, 368, 594 N.E.2d 975, 977-978; State v. Geraldo (1983), 13 Ohio App.3d 27, 468 N.E.2d 328; State v. Benson (1985), 29 Ohio App.3d 321, 323, 505 N.E.2d 987, 990.
Further, "[w]here a defendant files a jury demand which necessitates the trial court's ruling, defendant's speedy trial time is tolled pursuant to R.C. 2945.72(E), since he occasioned the delay in his trial." City of University Hts. v. Dachman (1984),20 Ohio App.3d 26, 484 N.E.2d 199, paragraph one of the syllabus.
In State v. Lee (1976), 48 Ohio St.2d 208, 357 N.E.2d 1095,1096, the Supreme Court of Ohio determined that when a Judge suasponte continues the case:
 [t]he record of the trial court must in some manner affirmatively demonstrate that a sua sponte continuance by the court was reasonable in light of its necessity or purpose. Mere entries by the trial court will ordinarily not suffice, except when the reasonableness of the continuance cannot be seriously questioned. Although this burden is contrary to the presumption of regularity generally accorded to trial proceedings, it appears necessary to carry out the purpose of the speedy trial statutes.
In the instant case, King's notices or service of summons were issued as follows: (1) a summons was issued and received for the December 10, 1997 violation on March 30, 1998; (2) notice was issued for the January 26 and the February 4, 1998, violations on April 1, 1998; and, (3) notice for the January 9, 1998, violation was issued April 2, 1998. The notice served on March 30, 1998, began running the speedy trial statute for King's first violation; however, the notices of January 9, January 26, and February 4, were all returned to sender marked "Moved, left no address." As a result, no summons were issued on these three cases.
King entered an appearance on all of the above mentioned violations on April 17, 1998. Consequently, pursuant to R.C.2945.72(D), due to King's failure to leave a forwarding address, he is guilty of neglect, and the date of his above appearance, April 17, 1998, serves as his date of summons on the remaining three violations. Consequently, it is on this date that his speedy trial right began to accrue on these remaining counts.
On April 21, 1998, King filed a jury demand, which was granted seven days later. The trial was scheduled for June 5, 1998, the first available trial date on the docket. This jury demand tolls the speedy trial statute. Dachman, supra.
On June 3, 1998, the judge granted Parma's motion to continue because it needed reasonable time to respond to King's motions for change of venue, to dismiss, and his challenge to the constitutionality of P.C.O. 351.18, and the trial date was rescheduled for July 9, 1998. Once again, pursuant to R.C.2945.72(E), the speedy trial statute was tolled, as this delay was also occasioned by King.
On June 17, 1998, the judge sua sponte continued the case until July 16, 1998. On July 16, 1998, King requested a reasonable continuance due to the unavailability of his expert witness, and trial was rescheduled for August 6, 1998. Because this motion was occasioned by King, the time running for a speedy trial was tolled again. R.C. 2945.72(E). In addition, King signed a motion for extension of time for trial waiving his rights to a speedy trial under R.C. 2945.71, that included the following language:
 The undersigned Defendant/Attorney for the Defendant specifically waives the right to trial within 45 days after arrest or service of summons, and requests a pretrial conference. Time for trial, if found to be necessary, to be not more than 90 days after the pretrial conference.
An accounting of the time-frame reveals that since the jury demand tolled the speedy trial statute, only 22 days may be attributed to Parma on King's first violation, and only 4 days on the remaining three, up until Parma's June 3, 1998 motion to respond to King's motions. In granting the June 3, 1998 continuance, the judge included the following in her journal entry dated June 4, 1998: "The motion for continuance of the above captioned case is granted. It is ordered that, the JURY TRIAL is continued to JULY 09, 1998, at 08:45 a.m. in room 3, due to prosecution request." The language used does not strictly comply with the requirements of Jones, supra, because the judge failed to indicate the exact reasons for the continuance. She does indicate that the continuance was granted upon Parma's motion, but the record reveals that this delay was necessitated by King's eleventh-hour motions, not brought about by Parma, but by King. Thus, the continuance was attributable to King, and the statute tolled again.
The judge's unexplained sua sponte seven-day extension of the July 9th trial date requires that those seven days be attributable to Parma. Therefore, by July 16, 1998, Parma had utilized only twenty-nine days of its statutory time when King requested a continuance and executed his speedy trial waiver. This assignment of error is without merit.
King's fourth assignment of error states:
 IV. WHETHER OR NOT THE TRIAL COURT ERRED IN NOT GRANTING DEFENDANT'S MOTION TO DISMISS BASED ON FAILURE TO COMMENCE PROSECUTION OF THE CASE IN THE TIME REQUIRED BY STATUTE.
King maintains that his violations of P.C.O. 351.18 should have been dismissed due to defects in the service of summons pursuant to Crim.R. 4. He claims that Parma was required to issue the summons to him through certified mail, not ordinary mail.
Although a defect in service may have existed, it has long been held that when a defendant appears in the trial court and enters a plea of not guilty to the charge(s), any defects in service are waived. State v. Savage (1977), 60 Ohio App.2d 394,397 N.E.2d 1205. Accordingly, this assignment of error is without merit.
Judgment affirmed.
It is ordered that the appellee recover from appellant its costs herein taxed.
This court finds there were reasonable grounds for this appeal.
It is ordered that a special mandate issue out of this court directing the Parma Municipal Court to carry this judgment into execution.
A certified copy of this entry shall constitute the mandate pursuant to Rule 27 of the Rules of Appellate Procedure.
 ______________________ ANNE L. KILBANE JUDGE
 JOHN T. PATTON, PJ., CONCUR; LEO M. SPELLACY, J., CONCURSIN JUDGMENT ONLY.