OPINION
{¶ 1} Defendant-appellant Brenda Nichols appeals from the trial court's denial of her Motion to Dismiss. Plaintiff-appellee is the State of Ohio.
 STATEMENT OF THE FACTS AND CASE {¶ 2} On August 19, 2003, appellant was arrested and charged with obstructing official business in violation of R.C. 2921.31, a misdemeanor of the second degree, and resisting arrest in violation of R.C. 2921.33, also a second degree misdemeanor. Appellant was released on bond the next day.
 {¶ 3} At her arraignment on August 28, 2003, appellant, who was not represented by counsel, entered a plea of not guilty to the charges. A pretrial was scheduled for September 29, 2003, and a bench trial was scheduled for October 16, 2003.
 {¶ 4} On September 29, 2003, appellant's counsel filed a notice of appearance. On the same day, the bench trial was continued until November 13, 2003, and a pretrial was scheduled for October 15, 2003.
 {¶ 5} Appellant filed a jury demand on October 2, 2003. As memorialized in a Judgment Entry that was signed by the trial court on October 9, 2003, but was not filed with the Clerk of Courts, the trial court continued the bench trial. The trial court, in its entry, stated, in relevant part, as follows: "IT IS HEREBY ORDERED, ADJUDGED AND DECREED that pursuant to O.R.C. 2945.72(H) the continuance is reasonable and therefore speedy trial requirements are extended from this day until the next scheduled jury date." On the same date, a jury trial was scheduled for December 17, 2003.
 {¶ 6} Thereafter, on December 3, 2003, appellant filed a Motion to Dismiss Charges, arguing that appellant's speedy trial rights had been violated. Appellee filed a response to the same on January 2, 2004. Pursuant to a Judgment Entry filed on March 26, 2004, the trial court overruled the Motion to Dismiss. Following a jury trial, on May 3, 2004, appellant was convicted of both charges. As memorialized in a Judgment Entry filed on June 11, 2004, appellant, with respect to the charge of obstructing official business, was sentenced to ninety days in jail and fined $350.00 plus costs. Thirty days of the sentence were suspended. With respect to the charge of resisting arrest, appellant was sentenced to a suspended sentence of ninety days in jail and fined $350.00. Appellant was also ordered to pay restitution, undergo a mental health assessment and treatment, if recommended, and to attend parenting classes. In addition, appellant was placed on probation for a period of two years.
 {¶ 7} Appellant now raises the following assignment of error on appeal:
 {¶ 8} "The trial court committed prejudicial error by denying brenda nichols' motion to dismiss as her speedy trial rights were violated."
 I {¶ 9} Appellant, in her sole assignment of error, argues that the trial court erred in denying her Motion to Dismiss since appellant's speedy trial rights were violated. We agree.
 {¶ 10} The right to a speedy trial is guaranteed by theSixth Amendment to the United States Constitution and Section 10, Article I of the Ohio Constitution. Pursuant to these constitutional mandates, R.C.2945.71 through R.C. 2945.73 prescribe specific time requirements within which the State must bring an accused to trial. State v. Baker,78 Ohio St.3d 108, 110, 1997-Ohio-229, 676 N.E.2d 883.
 {¶ 11} An accused, such as appellant, charged with a second degree misdemeanor must be tried within ninety (90) days of his arrest or service of summons. R.C. 2945.71(B)(2). Each day the defendant is held in jail in lieu of bond, except for the first day, counts for three days for speedy trial purposes. See R.C. 2945.71(E). Once a defendant establishes a prima facie case of a violation of his right to a speedy trial, the burden then shifts to the State to demonstrate the statutory limit was not exceeded by establishing the time was properly extended pursuant to R.C.2945.72. State v. Butcher (1986), 27 Ohio St.3d 28, 30-31, 500 N.E.2d 1368. According to R.C. 2945.72(H), a trial court may sua sponte extend the time within which a defendant must be brought to trial, if the court enters an order of continuance by journal entry prior to the expiration of the time limit prescribed by R.C. 2945.71, and sets forth the reason for the continuance. State v. Mincy (1982), 2 Ohio St.3d 6, 441 N.E.2d 571, syllabus; State v. King, 70 Ohio St.3d 158, 162, 1994-Ohio-412,637 N.E.2d 903. Since a defendant's right to a speedy trial is guaranteed by statute and by the Sixth and Fourteenth Amendments to the United States Constitution, extensions of speedy trial time are to be strictly construed against the State. State v. Singer (1977), 50 Ohio St.2d 103,362 N.E.2d 1216. Revised Code 2945.73 mandates that if an accused is not brought to trial within the time requirements of R.C. 2945.71 and 2945.72, the accused shall be discharged.
 {¶ 12} In the case sub judice, appellant was arrested on August 19, 2003, and was released on bond the next day. After appellant filed her jury demand on October 2, 2003, appellant's jury trial was scheduled for December 17, 2003. However, appellant was not tried until May 3, 2004.
 {¶ 13} While appellee maintains that appellant's speedy trial rights were not violated since "[f]rom October 2, 2003 [when appellant filed her jury demand], until the scheduled jury date of December 17, 2003, the speedy trial was tolled due to Defendant's [appellant's] jury demand", we disagree.
 {¶ 14} In State v. Dove (June 20, 1991), Coshocton App. No. 90-CA-16, 1991 WL 122332, this Court, held that the "timely filing of a jury demand (fundamental constitutional right afforded to the appellant) which provides ample time to schedule a jury trial within the guidelines of R.C. 2945.72 in the absence of any "in rule" entry justifying extension by the trial court, does not automatically extend the applicable speedy trial mandates established by the legislature." Id. at 2. See also Statev. Morse (Oct. 30, 1998), Guernsey App. No. 98CA-08, 1998 WL 817691[1]
and State v. Walker (Aug. 25, 2000). Ashtabula App. No. 99-A-0048, 2000 WL 1227297. Therefore, contrary to appellee's assertions, speedy trial time was not tolled by the filing of the jury demand, and, therefore, the time between the filing of the jury demand on October 2, 2003, and the December 17, 2003, trial date does count against the speedy trial time limit.
 {¶ 15} Clearly, appellant, who was arrested on August 19, 2003, was not tried until May of 2004, was not tried within ninety days of her arrest.[2] Furthermore, while, pursuant to R.C. 2945.72(H), a trial court may sua sponte extend the time within which a defendant must be brought to trial, if the court enters an order of continuance by journal entry prior to the expiration of the time limit prescribed by R.C. 2945.71,
and sets forth the reason for the continuance, we note that the trial court's entry issued on October 9, 2003, which continued the trial "until the next scheduled jury date" was never filed. The running of the statutory time period can be tolled on the basis of a sua sponte continuance only when the trial court journalized an entry explaining the reasons for the delay. See State v. Stamper (1995), 102 Ohio App.3d 431,441, 657 N.E.2d 365. The trial court in this case did not journalize such an entry.
 {¶ 16} Based on the foregoing, we find that appellant's speedy trial rights were violated since appellant was not brought to trial within ninety days of her arrest.
 {¶ 17} Appellant's sole assignment of error is, therefore, sustained.
 {¶ 18} Accordingly, the judgment of the Richland County Court of Common Pleas is reversed, and this Court enters judgment for appellant.
Edwards, J., Gwin, P.J. and Boggins, J. concur.
 JUDGMENT ENTRY
For the reasons stated in our accompanying Memorandum-Opinion on file, the judgment of the Richland County Court of Common Pleas is reversed and this Court enters judgment for appellant. Costs assessed to appellee.
[1] This Court previously, in State v. Dunlap (Feb. 16, 1996), Licking App. No. 95 CA 107, 1996 WL 132289, cited City of University Heights v.Dachman (1984), 20 Ohio App.3d 26, 484 N.E.2d 199 for the proposition that the time was tolled between the time a request for jury demand was filed and the trial court's denial of such request. However, in Dachman,
the defendant was charged with a minor misdemeanor and, therefore, had no right to a jury trial pursuant to R.C. 2945.17(B)(I). Such is not the case in this matter.
[2] We note that, appellant's motion to dismiss tolled the time within which appellant had to be brought to trial under R.C. 2945.71. See Statev. Bunyan (1988), 51 Ohio App.3d 190, 555 N.E.2d 980, syllabus. Thus, the speedy trial time was tolled from December 3, 2003, when the motion was filed, until the trial court denied such motion on March 26, 2004.